**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHANTEL L. J., | ) | |
| | ) | No. 25 C 10210 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Chantel L. J. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

On August 17, 2022, plaintiff applied for benefits, alleging a disability onset date of November 27, 2021. (R. 17.) Her application was denied initially, on reconsideration, and after a hearing. (*Id.*) Plaintiff appealed to the Appeals Council, which denied review (R.1-4), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 27, 2021, the alleged disability onset date. (R. 19.) At step two, the ALJ found that plaintiff has the severe impairment of fibromyalgia. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 20) At step four, the ALJ found that plaintiff has the RFC to perform light work with certain exceptions including her past relevant work as a food chemist, and thus she is not disabled. (R. 21-25.)

Plaintiff contends that the RFC is not supported by substantial evidence because the ALJ did not include in it any limitations to account for her left shoulder impairment. Though the ALJ did not find plaintiff's shoulder impairment to be severe (R. 19), he and the state agency consultants acknowledged that plaintiff reported left shoulder pain to her doctor and that she had

2

reduced range of motion in it. (R. 22, 59, 70-72.) Thus, the ALJ was required to consider plaintiff's shoulder impairment in determining her RFC. *See Omar R. v. Kijakazi*, No. 22 C 3784, 2023 WL 5980010, at *2 (N.D. Ill. Sept. 14, 2023) ("'[A]ll impairments—both severe and nonsevere—are considered in the RFC analysis.'") (quoting *McCorkle v. Kijakazi*, No. 22-1638, 2023 WL 179983, at *3 (Jan. 13, 2023); *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) (in assessing the RFC, "the ALJ must [ ] consider the limitations imposed by all impairments, severe and non-severe")).

As relevant here, the RFC states that plaintiff has the capacity to perform light work, can lift twenty pounds occasionally and ten pounds frequently, occasionally reach overhead, and frequently reach in other directions.  (R. 21.) Defendant contends that the RFC is supported by the fact that plaintiff received left shoulder injections, and after the second one, in June of 2022, said her shoulder was feeling better. (R. 287, 293-94, 344-45.) But the record also shows that: (1) on October 19, 2022, plaintiff reported continued pain in her shoulders, and her doctor, Dr. Jenna Cella, opined that plaintiff could frequently lift five pounds, occasionally lift ten, and could not reach at all (R. 428-30); and (2) a May 2023 consultative exam, which took place after the injections, found that plaintiff had limited range of motion in her shoulders. (R. 442.) Despite this evidence, the ALJ did not acknowledge plaintiff's shoulder pain as a non-severe impairment. (R. 19.)

The error is harmless, however, "if the ALJ finds a claimant has *any* severe impairment and goes on to sufficiently address the aggregate effect of all the claimant's severe and non-severe impairments later in his analysis." *Dorothy B. v. Berryhill*, No. 18 CV 50017, 2019 WL 2325998, at *2 (N.D. Ill. May 31, 2019) (citing *Curvin v. Colvin*, 778 F.3d 645, 648 (7th Cir. 2015); *Arnette v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926–27 (7th Cir. 2010); 20 C.F.R. § 404.1523)). The ALJ identified plaintiff's fibromyalgia as a severe impairment

(R. 20), but plaintiff contends that his consideration of her impairments in the aggregate did not include her shoulder impairment. (ECF 15-2 at 8 ("[T]he ALJ never articulated any rationale regarding the left shoulder evidence, failed to explain how the MRI findings, multiple injections, and treatment history were weighed, and did not address Dr. Cella's opinion that Plaintiff could not reach.").)

The Court disagrees. The ALJ acknowledged that plaintiff complained of left shoulder pain, had reduced range of motion in the shoulder, the MRI of the shoulder suggested she had bursitis, and she received injections for it. (R. 22-24; *see* R. 287, 293, 412-13.) However, he also noted that she was not in acute distress at the consultative exams, she had full range of motion in her upper joints and full strength in her upper extremities, and after receiving the 2021 injection, her shoulder pain "completely resolved for an extended period of time." (R. 23, 62, 287, 293, 344.) Moreover, the ALJ said this about Dr. Cella's opinion:

> [T]he severity of the limitations are not supported by exam findings nor consistent with the entirety of the record. . . . The claimant . . . reported left shoulder pain (Ex. 1F/35). Upon examination, the claimant had a reduced range of motion of her left shoulder (Ex. 1F/13), which supports exertional and nonexertional limitations. However, Dr. Cella routinely noted she was in no acute distress (Ex. 1F/7, 33, 6F/13, 8F/13). The claimant had normal physical examinations (Ex. 1F/23, 38, 6F/6, 17, 8F/16), which does not support the severity of the limitations. Further, the record is consistent with claimant being able to perform within the above residual functional capacity. She had full strength in her bilateral upper and lower extremities. The claimant had a normal gait. She was able to toe, heel and tandem walk (Ex 5F, 7F). Therefore, I do not find Dr. Cella's opinion persuasive.

(R. 24.) In short, the record shows that the ALJ considered plaintiff's non-severe shoulder impairment in the aggregate in determining the RFC.

Plaintiff also argues that the RFC is flawed because it does not account for the mental impacts of her fibromyalgia. Plaintiff does not, however, point to evidence that suggests she has any such impacts. Rather, she lists the side effects of her medication, cites to a Social Security

4

Ruling that "recognizes that fibromyalgia can cause cognitive or memory problems," and concludes that the ALJ did not consider the effects of pain on her concentration and mental functioning. (ECF 15-2 at 14.) But the ALJ credited the state agency consultants' findings, which were that plaintiff's activities of daily living questionnaire did not state that she had any difficulty with mental functioning, there was no recommendation or receipt of treatment for a mental condition, no medical evidence of a mental impairment, no current limitations in basic work activities due to a mental impairment, and plaintiff's "reports of symptoms & limitations seem overinflated when compared to the objective medical evidence." (R. 23-24, 60-61, 69.) In short, the ALJ's RFC is supported by substantial evidence. *See Charlotte W. v. O'Malley*, No. 21 C 6853, 2024 WL 1046903, at *4 (N.D. Ill. Mar. 5, 2024) (affirming the ALJ's decision because plaintiff "'has not pointed to any medical opinion or evidence to show [her headaches] caused any specific limitations'") (quoting *Gedatus v. Saul*, 994 F.3d 893, 905 (7th Cir. 2021)).

Next, plaintiff argues that the ALJ's subjective symptom evaluation is faulty. "As long as an ALJ gives specific reasons supported by the record, we will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022) (citing *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021)). The ALJ said plaintiff's complaints of severe pain were in tension with other evidence in the record, including: her doctors' reports that she was not in acute distress and had normal physical examinations; the consultative examiners' reports that plaintiff had full strength in her upper extremities and full range of motion in her upper joints; and the fact that plaintiff shopped for personal items, prepared simple meals, dressed, bathed herself, and socialized with others. (R. 23-24.) The Court cannot say that the ALJ's symptom evaluation is patently wrong. *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008) ("It is only when the ALJ's determination lacks any explanation or support that we will

declare it to be "'patently wrong.'") (quoting *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003)). (quoting *Powers v. Apfel*, 207 F.3d 431 at 435 (7th Cir. 2000).) As a result, it is not a basis for remand.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion [15], affirms the Commissioner's decision, and terminates this case.

**SO ORDERED.**                                    **ENTERED:  June 15, 2026**


**M. David Weisman**
**United States Magistrate Judge**